IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT

| | | |
|---|---|---|
| DAVID E. CHIPPS | : | |
| PLAINTIFF | : | CIVIL ACTION |
| V. | : | NO. |
| PIKE COUNTY PRISON GUARDS O'HARA; MCCRONE; SCHWARTZ; COOK; WALTON; SEMANKO; SGT. MCGLAUGHLIN; SGT. RODRIGUEZ; LT. ROMANCE; CAPT. LOWE; CAPT. CARVALHO; PIKE COUNTY PRISON WARDEN PROWELL; PIKE COUNTY COMMISSIONERS; U.S. MARSHALS SERVICE AND UNIDENTIFIED U.S. MARSHALS; PA STATE POLICE TROOPER MURRAY AND UNIDENTIFIED PA STATE OFFICIALS | : | 1:CV00-1179 |

FILED SCRANTON
JUN 2 9 2000
PER _____ DEPUTY CLERK

RECEIVED SCRANTON
JUN 2 9 2000
PER _____ DEPUTY CLERK

**COMPLAINT**
[ A FIRST, FIFTH AND FOURTEENTH AMENDMENT ]
[ CIVIL RIGHTS ACTION, AND, A SIMULTANEOUS ]
[ FIFTH AMENDMENT ACTION ]

1. The present action is a First Amendment denial of freedom of speech/press; First Amendment denial of petition in redress of grievance; and, a Fifth and Fourteenth Amendment denial of due process action against Pike County Prison officials and various Pennsylvania State officials; and, a simultaneous Bivens type Fifth Amendment action against the U.S. Marshals Service and various unidentified U.S. Marshals.

2. The jurisdiction of the court is invoked under Title 28 USC 1331, 28 USC 1346 and 42 USC 1983, and, is a BIVENS type action.

3. The plaintiffs claim for declaratory relief is brought pursuant to Title 28 USC 2201; 2202; and Title 28 USC 1331 and 1346; and Title 42 USC 1983.

4. The plaintiff is David E. Chipps, 479 South River St., Wilkes-Barre, Pa.

18702.

5. The defendants are:

(a) Pike County Prison Guards O'Hara; McCrone; Schwartz; Cook; Walton; Semanko; Sgt. McGlaughlin; Sgt. Rodriguez; Lt. Romance; Capt. Lowe; Capt. Carvalho; and, Pike County Warden Prowell, Pike County Prison, HC 8, Box 8600, Hawley, Pennsylvania 18428.

(b) The Pike County Commissioners, Pike County Courthouse, 506 Broad St., Milford, Pa 18337-1511.

(c) PA State Police Trooper Murray, PA State Police, Blooming Grove and Route 402, Hawley, Pa. 18428.

(d) unidentified PA state officials, PA State Government, 225 Main Capitol Building, Harrisburg, Pa. 17120.

(e) The U.S. Marshals Service and unidentified U.S. Marshals, U.S. Courthouse, 235 North Washington Ave., Scranton, Pa. 18501.

6. The plaintiff requests the court to grant the plaintiffs claim for declaratory and other relief.

## STATEMENT OF FACTS

7. The plaintiff was arrested by federal officials in March of 1997.

8. From Dec. 25, 1997 until June 28, 1998 the plaintiff was imprisoned in the Pike County Prison in Hawley, Pa. The plaintiff was imprisoned in the Pike County Prison as a result of a contractual arrangement between Pike County officials and the U.S. Marshals Service.

9. On May 8, 1998 the plaintiff was convicted in a kangaroo federal court trial of threatening federal officials.

10. On May 29, 1998 the plaintiff herein filed two federal civil rights lawsuits in relation to the false accusations levied against the plaintiff by federal officials (CHIPPS V. THE SCRANTON TIMES, 98-CV-867; and, CHIPPS V. MANNION, 98-CV-868). The plaintiff filed these legal actions while imprisoned in Pike County Prison.

11. For more than a month after the plaintiffs conviction on May 8, 1998 Pike County Prison officials subjected the plaintiff to continuous harassment and official oppression. This harassment and official oppression had, by June 10, 1998, become increasingly more intense and dangerous. By June 28, 1998 the harassment that the plaintiff was being subjected to had escalated to the point of inmate terrorism by Pike County Prison officials.

12. On June 27, 1998 Pike County Prison guards O'Hara, McCrone, Schwartz, Semanko and Walton entered the plaintiffs cell in a restricted housing unit and assaulted the plaintiff and threatened the plaintiff with serious bodily injury and harm. The plaintiff believes that this assault was in retaliation for the plaintiff having filed federal civil rights legal actions, and, in retaliation for the plaintiffs continuing to publish information about the actions of various corrupt

government officials. As well, the plaintiff believes that the harassment that the plaintiff was being subjected to, culminating in the assault of the plaintiff on June 27, 1998 - that had begun almost two months previously - was to disrupt the plaintiff from preparing an adequate defense for his own trial, and, subsequent to his conviction, was for the purpose of retaliating against the plaintiff. From April, 1998 until the incident of June 27, 1998 the plaintiff had formally filed almost 15 administrative grievances with Pike County Prison officials concerning this harassment.

13. On June 28, 1998 the plaintiff filed a Pike County Prison administrative grievance concerning the assault on the plaintiff; filed a grievance for the destruction of the plaintiffs legal documents; and filed a Pike County Prison request that criminal charges be brought against the guards involved in the June 27, 1998 incident, and, a second request that the plaintiff be allowed to contact the PA State Police about the assault on the plaintiff.

14. Because the plaintiff believed that Pike County Prison guards O'Hara, McCrone and Schwartz had plans on seriously assaulting the plaintiff on the following day (June 28, 1998) the plaintiff, who was in an isolation unit, activated a prearranged system to so inform his family of what was happening to the plaintiff. As a result of this the plaintiffs family contacted the PA State Police and U.S. Marshals Service on June 28, 1998 about the assault on the plaintiff.

15. The harassment and terrorism of the plaintiff continued on June 28, 1998.

16. On June 29, 1998 the plaintiff was interviewed by PA State Police Trooper Murray - a criminal investigator of the Blooming Grove Troop of the Pennsylvania State Police. The plaintiff requested that Trooper Murray bring criminal charges against the Pike County Prison guards involved in the June 27, 1998 assault on the plaintiff. The plaintiff signed a consent form permitting Trooper Murray to have access to the plaintiffs notes that clearly showed the pattern of harassment that led to the assault on the plaintiff on June 27, 1998.

17. Not long after the Murray interview the plaintiff spoke with a U.S. Marshal who had been contacted by the plaintiffs family. The plaintiff requested that the U.S. Marshals bring action against Pike County Prison guards involved in the assault on the plaintiff.

18. Subsequent to the June 27, 1998 incident the plaintiff was still being subjected to harassment and intimidation by Pike County Prison guards O'Hara, McCrone and Cook. On numerous occasions the plaintiff had requested that various Pike County Prison officers stop prison guards from harassing and terrorizing the plaintiff (including both verbal and written requests to Sgt's McGlaughlin and Rodriguez, Lt. Romance, Capt's Lowe and Carvalho, and Warden Prowell).

19. The harassment of the plaintiff continued well after the June 27, 1998 incident such that by August, 1998 the plaintiff had filed almost 28 formal grievances with Pike County Prison officers. All of the plaintiffs grievances had

been denied or in which the Pike County Officers failed to act upon the plaintiffs grievances.

20. On July 23, 1998 Pa State Police Trooper Murray so informed the plaintiff that he would not bring criminal charges against the guards involved in terrorizing and assaulting the plaintiff.

21. To the plaintiffs knowledge the U.S. Marshals Service did not initiate any action against the Pike County Prison guards involved in assaulting the plaintiff on June 27, 1998 as per the plaintiffs June 29, 1998 request.

## CLAIMS
## COUNT 1

22. Paragraphs 1 through 21 are incorporated by reference.

23. The plaintiff claims that for Pike County Prison guards O'Hara and McCrone to continue to harass and terrorize the plaintiff subsequent to the plaintiffs filing of a grievance concerning their actions on June 28, 1998 is a denial of the plaintiffs Fourteenth and Fifth Amendment right to due process of law according to Title 42 USC 1983, and, has caused the plaintiff to sustain damages giving rise to two claims.

## COUNT 2

24. Paragraphs 1 through 21 are incorporated by reference.

25. The plaintiff claims that for Pike County Prison guards O'Hara and McCrone to continue to harass and destroy the property and legal documents of the plaintiff subsequent to the plaintiffs filing a grievance concerning their actions on June 28, 1998 is a denial of the plaintiffs Fourteenth and Fifth Amendment right to due process of law according to Title 42 USC 1983, and, has caused the plaintiff to sustain damages giving rise to two claims.

## COUNT 3

26. Paragraphs 1 through 21 are incorporated by reference.

27. The plaintiff claims that for Pike County Prison guards O'Hara and McCrone to continue to harass and terrorize the plaintiff for the purpose of retaliating against the plaintiff for the bringing of legal action in his own defense is a denial of the plaintiffs Fourteenth and First Amendment right to petition in redress of grievances according to Title 42 USC 1983, and, has caused the plaintiff to sustain damages giving rise to two claims.

## COUNT 4

28. Paragraphs 1 through 21 are incorporated by reference.

29. The plaintiff claims that for Pike County Prison guard O'Hara and McCrone to continue to harass and terrorize the plaintiff for the purpose of retaliating against the plaintiff for filing a criminal complaint against them for their previous terrorism is a denial of the plaintiffs Fourteenth and First Amendment right to petition in redress of grievances according to Title 42 USC 1983, and, has caused the plaintiff to sustain damages giving rise to two claims.

### COUNT 5

30. Paragraphs 1 through 21 are incorporated by reference.
31. The plaintiff claims that for Pike County Prison guard O'Hara and McCrone to continue to harass and terrorize the plaintiff for the purpose of retaliating against the plaintiff for continuing to publish information is a denial of the plaintiffs Fourteenth and First Amendment right to freedom of speech/press according to Title 42, USC 1983, and, has caused the plaintiff to sustain damages giving rise to two claims.

### COUNT 6

32. Paragraphs 1 through 21 are incorporated by reference.
33. The plaintiff claims that for Pike County Prison guards Cook, Schwartz, Semanko and Walton to continue to harass the plaintiff subsequent to the plaintiff filing of grievances concerning this harassment on June 28, 1998 is a denial of the plaintiffs Fourteenth and Fifth Amendment right to due process of law according to Title 42 USC 1983, and, has caused the plaintiff to sustain damages giving rise to one claim.

### COUNT 7

34. Paragraphs 1 through 21 are incorporated by reference.
35. For Pike County Prison guards O'Hara, McCrone, Schwartz, Walton, Semanko, and Cook to contribute, as in contribution, to the harassment and terrorism of the plaintiff is a denial of the plaintiffs Fourteenth and Fifth Amendment right to due process of law according to Title 42 USC 1983, and, has caused the plaintiff to sustain damages giving rise to one claim.

### COUNT 8

36. Paragraphs 1 through 21 are incorporated by reference.
37. For Pike County Prison guards O'Hara, McCrone, Schwartz, Walton, Semanko, and Cook to contribute, as in contribution, to the harassment and terrorism of the plaintiff for the purpose of retaliating against the plaintiff for bringing legal action in his own defense is a denial of the plaintiffs Fourteenth

and First Amendment right to petition in redress of grievances according to Title 42 USC 1983, and, has caused the plaintiff to sustain damages giving rise to one claim.

### COUNT 9

38. Paragraphs 1 through 21 are incorporated by reference.
39. The plaintiff claims that for Pike County Prison officers to fail to stop the harassment and terrorism of the plaintiff; to fail to stop the destruction of the plaintiffs legal documents; and to fail to stop retaliation against the plaintiff; is a denial of the plaintiffs Fourteenth and Fifth Amendment right to due process of law according to Title 42 USC 1983, and, has caused the plaintiff to sustain damages giving rise to one claim.

### COUNT 10

40. Paragraphs 1 through 21 are incorporated by reference.
41. The plaintiff claims that Pike County Prison officers contributed to, as in contribution, to each and every incident of the denial of the plaintiffs Fourteenth and Fifth Amendment rights subsequent to the filing of the June 28, 1998 grievances.

### COUNT 11

42. Paragraphs 1 through 21 are incorporated by reference.
43. The plaintiff claims that Pike County Prison officers contributed to, as in contribution, to each and every incident of the denial of the plaintiffs Fourteenth and First Amendment right to petition in redress of grievances subsequent to the filing of the June 28, 1998 grievances.

### COUNT 12

44. Paragraphs 1 through 21 are incorporated by reference.
45. The plaintiff claims that Pike County Prison officers contributed to, as in contribution, to each and every incident of the denial of the plaintiffs Fourteenth and First Amendment right to freedom of speech/press subsequent to the filing of the June 28, 1998 grievances.

### COUNT 13

46. Paragraphs 1 through 21 are incorporated by reference.
47. The plaintiff claims that Pike County Commissioners contributed to, as in contribution, to each and every incident of the denial of the plaintiffs Fourteenth

and Fifth Amendment right to due process of law subsequent to the filing of the June 28, 1998 grievances.

## COUNT 14

48. Paragraphs 1 through 21 are incorporated by reference.
49. The plaintiff claims that for Trooper Murray of the Pennsylvania State Police to not bring criminal charges against Pike County Prison guards involved in inmate terrorism - subsequent to the filing of a complaint by the plaintiff - is a denial of the plaintiffs Fourteenth and Fifth Amendment right to due process of law according to Title 42 USC 1983, and, has caused the plaintiff to sustain damages giving rise to one claim.

## COUNT 15

50. Paragraphs 1 through 21 are incorporated by reference.
51. The plaintiff claims that Trooper Murray of the Pennsylvania State Police contributed, as in contribution, to each and every denial of the plaintiffs Fourteenth and Fifth Amendment right to due process of law subsequent to the filing of a complaint on June 29, 1998.

## COUNT 16

52. Paragraphs 1 through 21 are incorporated by reference.
53. The plaintiff claims that Trooper Murray of the Pennsylvania State Police contributed, as in contribution, to each and every denial of the plaintiffs Fourteenth and First Amendment right to petition in redress of grievances subsequent to the filing of a complaint on June 29, 1998.

## COUNT 17

54. Paragraphs 1 through 21 are incorporated by reference.
55. The plaintiff claims that Trooper Murray of the Pennsylvania State Police contributed, as in contribution, to each and every denial of the plaintiffs Fourteenth and First Amendment right to freedom of speech/press subsequent to the filing of a complaint on June 29, 1998.

## COUNT 18

56. Paragraphs 1 through 21 are incorporated by reference.
57. The plaintiff claims that unidentified U.S. Marshals contributed, as in contribution, to each and every denial of the plaintiffs Fifth Amendment right to due process of law according to BIVENS and Title 28 USC 1331 subsequent to

the plaintiffs requesting that U.S. Marshals take action to stop the harassment and terrorism of the plaintiff.

## COUNT 19

58. Paragraphs 1 through 21 are incorporated by reference.
59. The plaintiff claims that unidentified U.S. Marshals contributed, as in contribution, to each and every denial of the plaintiffs First Amendment right to petition in redress of grievances according to BIVENS and Title 28 USC 1331 subsequent to the plaintiffs requesting that U.S. Marshals take action to stop the harassment and terrorism of the plaintiff.

## CONCLUSION

For all of the aforementioned reasons the plaintiff requests that the court grant the plaintiffs request for appropriate relief accordingly.

_David E. Chipps_
**DAVID E. CHIPPS**

**IN PRO SE PLAINTIFF**

6/28/00